UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FUJIFILM NORTH AMERICA CORPORATION, FUJIFILM SPECIALTY INK SYSTEMS LTD. and FUJIFILM INDIA PVT. LTD.,<br>  Plaintiffs,<br><br>v.<br><br>M&R PRINTING EQUIPMENT, INC., NOVUS PRINTING EQUIPMENT, LLC and NI HOLDINGS, INC., f/k/a Novus Imaging, Inc.,<br>  Defendants. | Civil Action No.: 1:20-cv-00492 |

## COMPLAINT

Plaintiffs Fujifilm North America Corporation ("FNAC"), Fujifilm Specialty Ink Systems Ltd. ("FSIS") and Fujifilm India Pvt. Ltd. ("FFIN") (collectively, "Fujifilm" or "Plaintiffs"), by their attorneys, Primmer Piper Eggleston & Cramer PC, complain against defendants as follows:

## PARTIES

1. Plaintiff FNAC is a New York corporation with its principal place of business located in Valhalla, New York.

2. Plaintiff FSIS is a corporation organized under the laws of Great Britain with its principal place of business located in Kent, England.

3. Plaintiff FFIN is a corporation organized under the laws of India with its principal place of business located in Haryana, India.

4. On information and belief, defendant M&R Printing Equipment, Inc. ("M&R") is a Delaware corporation with its principal place of business located in Roselle, Illinois and is the successor to defendant NI Holdings, Inc.

1

5.  On information and belief, defendant Novus Printing Equipment, LLC ("Novus LLC") is a Delaware limited liability company with its principal place of business located at 1241 Whittier Highway, Moultonborough, New Hampshire. On information and belief, the sole member of Novus LLC is defendant M&R.

6.  On information and belief, defendant NI Holdings, Inc. was formerly known as Novus Imaging, Inc. (and is referred to herein as "Novus") and is a New Hampshire corporation with its principal place of business located at 1241 Whittier Highway Moultonborough, New Hampshire.

## JURISDICTION AND VENUE

7.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.  Venue is proper in this District because one or more defendants have offices or manufacturing facilities located in this District; a substantial part of the events giving rise to this matter occurred in this District; and defendants have consented to jurisdiction in this District.

## FACTUAL ALLEGATIONS

9.  Plaintiffs distribute and sell a variety of products and equipment used in the photographic and graphic arts industries.

10. At all relevant times, Defendants manufactured and sold digital and screen printing equipment.

**The Distributor Agreement.**

11. Pursuant to a Distributor Agreement dated as of October 1, 2015 between Novus and FSIS (the "Agreement"), a copy of which is attached hereto as <u>Exhibit A</u>, Novus appointed

FSIS and its affiliates as worldwide distributors and resellers of Novus' "Synergia" printing unit (a/k/a Uvistar Hybrid 320 printer; the "Printer").

12. Section 3 of the Agreement authorized Fujifilm to place orders for Printers from time to time by written purchase order to Novus.

13. Pursuant to Section 7(a) and Schedule 3 of the Agreement, Novus provided to Fujifilm and its end users certain equipment and service warranties with respect to the Printers.

14. Section 7(b) of the Agreement provides, in pertinent part*:*

If the [Printers] or the tender of delivery fails in any material respect to conform to specifications of Distributor's or its designated Affiliates' purchase order, or if the [Printers] are defective or unsuitable upon delivery, or do not conform to all Manufacturer's Warranties or published specifications, [Novus] shall, at its election, either repair or replace the non-conforming [Printers]. Upon prior written approval of [Novus] (not to be unreasonably withheld, conditioned or delayed), Distributor's or its Affiliate's expenses for inspection, storing or returning any non-conforming [Printers] shall be charged to [Novus].

15. Section 8(a) of the Agreement provides, in pertinent part:

[Novus] hereby agrees to indemnify, defend, hold harmless and reimburse Distributor, its Affiliates . . . and their respective End Users from and against any and all actions, suits, claims, demands, losses, damages or other liabilities (including, without limitation, attorneys' fees and expenses) arising out of or related to: (i) [Novus'] manufacture, storage, packaging and shipment of the [Printers] including, without limitation, Defect Claims [defined in Section 5(b) as "any claim of defect, non-performance, non-conformity or other failures relating to the [Printers]" made by an end user].

16. Section 12 of the Agreement ("Right of First Refusal and Matching Right"), provides, in pertinent part, that if, during the term of the Agreement, Novus desires or intends to sell, convey or otherwise transfer all or substantially all of its assets, it shall provide written notice to Fujifilm specifying the price and other terms and conditions upon which Novus is willing to consummate such sale, conveyance or transfer, and "shall negotiate exclusively and in good faith with [Fujifilm] . . . the price and other terms and conditions of such sale for a period of thirty (30)

3

days" from Fujifilm's receipt of such notice. This section further provides that only if Novus and Fujifilm are unable to reach agreement on price and other terms within such 30-day period may Novus enter into such a sale transaction with a third party.

17. Section 13(d) of the Agreement provides, in pertinent part, that any legal action between the parties in connection with the Agreement shall be filed only in a court of competent jurisdiction where the defendant maintains its principal place of business or registered office, and that "the parties stipulate 'New Hampshire' for [Novus]."

18. Also in 2015, FSIS and Novus entered into a "Global Service Level Agreement," (the SLA") under which Novus agreed to provide necessary support services in order to comprehensively support Novus equipment, hardware and software distributed globally by FSIS. Among other things, Novus agreed to provide "Second Level Support" for the Printers and Novus provided a warranty for defects in the Printers, including "Epidemic Defects" or "Epidemic Failure," defined as "the same event occurring in more than 10% of installations in the same circumstances in a 12 month period."

**Plaintiffs' Purchases and Defendants' Breaches Under the Agreement.**

19. Pursuant to the Agreement, Fujifilm purchased and/or submitted purchase orders for the purchase of Printers, including without limitation the following purchases and orders.

20. Between April 2015 and December 2015, FNAC purchased five Printers from Novus, and re-sold them to various customers in the U.S. and Canada. Thereafter, all five Printers exhibited numerous hardware and software malfunctions, which upon information and belief, constituted Epidemic Defects or Epidemic Failure. Although FNAC notified Novus of these defects, Novus was unable or unwilling to repair these Printers, despite promising to do so as late as July 2017, or replace them with properly functioning Printers, as required under the Agreement.

Fujifilm also incurred costs in attempting to repair these defective Printers, including without limitation costs for spare parts, shipping and for service calls. FNAC accepted the return of these defective Printers from these customers and refunded their purchase price. Thereafter, Novus failed or refused to accept the return of these defective Printers and to refund to Fujifilm the purchase price for these defective Printers.

21.     Between December 2015 and March 2016, FNAC purchased from Novus: (i) one demonstrator Printer, at a purchase price of $344,060; and (ii) three additional Printers for re-sale, at an aggregate purchase price of $1,032,180; but was unable to use the demo Printer or to resell the other three Printers because they exhibited the same, un-remedied hardware and software defects as the first five Printers purchased by FNAC. Thereafter, Novus was unable or unwilling to repair these Printers despite promising to do so as late as July 2017, and Novus failed or refused to accept the return of these defective Printers and to refund to Fujifilm the purchase price for these defective Printers.

22.     In or about April 2016, FNAC: (i) submitted a purchase order to Novus and paid the entire $344,060 purchase price for an additional Printer; and (ii) provided it with down payments for four additional Printers in the aggregate amount of $408,192, but Novus failed to deliver any of these Printers.

23.     Between May 2017 and May 2018, FFIN purchased two Printers from Novus for a total purchase price of $738,664, which FFIN re-sold to customers in India. These Printers also experienced substantial mechanical issues, which may have constituted Epidemic Defects or Epidemic Failures. These Printers were returned by the FFIN's customers, and FFIN refunded their purchase price. Thereafter, Novus failed or refused to accept the return of these defective Printers and to refund to Fujifilm the purchase price for these defective Printers.

24. By letters dated May 17, 2017 and June 29, 2017, Fujifilm provided further notice and details to Novus regarding the numerous hardware and software malfunctions in the defective Printers noted above and demanded prompt corrective action as well as refunds for all Printers then purchased to date.

25. By letter dated July 7, 2017, Novus promised to resolve the hardware and software issues by September 2017 with the Printers purchased or ordered to date, but failed to do so by then or at any time thereafter.

26. In August 2018, FSIS and Novus discussed and reviewed a draft, new "Service Level Agreement," whereby Novus would provide technical support to Fujifilm to service the Printers, including defects in the Printers. This proposed agreement was not finalized or executed and the 2015 SLA remains in place.

27. On information and belief, Novus has closed the New Hampshire facility that had been manufacturing and supporting these Printers and no longer employs technical personnel with the requisite knowledge to correct the identified defects and to support the Printers going forward.

**Defendants' Violation of Plaintiffs' First Refusal Rights.**

28. Upon information and belief, in or about April 18, 2017, without notice to Fujifilm and in violation of Fujifilm's right of first refusal under Section 12 of the Agreement, Novus sold, transferred and assigned substantially all of its assets to Novus LLC. Upon information and belief, Fujifilm first learned of this transaction after April 18, 2017.

29. On information and belief, Novus LLC has no business or operations of its own and is a mere instrumentality of M&R that was used to effect a *de facto* merger of Novus into M&R.

30. M&R is the successor-in-interest to Novus, and is liable for Novus' obligations and liabilities under the Agreement and the SLA, because there has been a *de facto* merger of Novus

into M&R as evidenced by, among other things, (i) a continuity of management, personnel, assets and physical locations between Novus and M&R; (ii) M&R's holding out of Novus as a "division" of M&R; (iii) a continuity of stockholders between the companies, including Michael D. Mills, formerly the majority stockholder of Novus and thereafter a stockholder of M&R; and (iv) Novus' cessation as an active corporation.

31. M&R is also the successor-in-interest to Novus, and is liable for Novus' obligations and liabilities under the Agreement and SLA, because M&R is a mere continuation of Novus, as evidenced by, among other things, (i) a continuity of management, personnel, assets and physical locations between Novus and M&R; (ii) M&R's holding out of Novus as a "division" of M&R; (iii) a continuity of stockholders between the companies, including Michael D. Mills, formerly the majority stockholder of Novus and thereafter a stockholder of M&R; and (iv) Novus' cessation as an active corporation.

32. M&R is also the successor-in-interest to Novus, and is liable for Novus' obligations and liabilities under the Agreement and SLA, based on the transfer of Novus' assets with an intent to hinder, delay or defraud Fujifilm. On information and belief, Novus' assets were transferred to Novus LLC and M&R for no consideration or for grossly inadequate consideration, to the prejudice of Fujifilm and other creditors, and to benefit individuals with beneficial ownership in each of Novus and M&R.

33. M&R is also the successor-in-interest to Novus, and is liable for Novus' obligations and liabilities under the Agreement and SLA, because M&R expressly and impliedly assumed such obligations and liabilities.

## COUNT I – BREACH OF CONTRACT

34. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 30 above as if fully set forth herein.

35. The Agreement and the SLA are valid and enforceable.

36. Plaintiffs performed all of their obligations under the Agreement and the SLA.

37. Defendants have breached their obligations under the Agreement and the SLA by, among other things: (i) failing and refusing to remedy the defects in the Printers delivered to Fujifilm; (ii) breaching their promise to repair defects in the Printers; (iii) failing and refusing to accept the return of these defective Printers and to refund to Fujifilm the purchase price for the same; (iv) failing to deliver Printers ordered by Fujifilm for which it had paid defendants, in whole or in part; (v) failing to indemnify and hold Fujifilm harmless for all losses and damages arising out of Fujifilm's purchase of the Printers from Novus; (vi) failing to honor its service and warranty obligations under the SLA; and (vii) violating Fujifilm's first refusal rights under Section 12 of the Agreement.

38. As a result of defendants' breaches of the Agreement and the SLA, Plaintiffs have been damaged in an amount to be proven at trial plus interest, costs and attorney's fees.

## COUNT II – CONTRACTUAL INDEMNIFICATION

39. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 35 above as if fully set forth herein.

40. Under Section 12.1 of the Agreement, defendants agreed to indemnify, defend and hold Fujifilm and its end users harmless from and against, *inter alia*:

> any and all actions, suits, claims, demands, losses, damages or other liabilities (including, without limitation, attorneys' fees and expenses) arising out of or related to: (i) [Novus'] manufacture, storage, packaging and shipment of the [Printers] including, without limitation, Defect Claims [defined in Section 5(b) as "any claim

8

of defect, non-performance, non-conformity or other failures relating to the [Printers]" made by an end user].

41. As a result of defendants' numerous breaches of the Agreement and the SLA as outlined above, Plaintiffs have incurred losses, damages and expenses, including purchase costs for defective Printers, costs to accept the return of Printers from its customers and to refund their purchase price, costs incurred in attempting to repair the defective Printers, loss of good will and other costs and expenses, plus attorneys' fees and other costs.

42. Despite Plaintiffs' demands therefor, defendants have failed and refused to indemnify and hold Plaintiffs harmless from and against these losses, damages and expenses, thereby breaching their indemnification obligations under the Agreement.

43. As a result of defendants' breach of the Agreement's indemnification provision, Plaintiffs have been damaged in an amount to be proven at trial, plus interest, costs and attorneys' fees.

**COUNT III - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

44. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 42 above as if fully set forth herein.

45. By acquiring substantially all of Novus' assets as set forth above, Novus LLC tortuously interfered with Fujifilm's contractual relations with Novus.

46. Fujifilm had an economic relationship and contractual relationship with Novus pursuant to the Agreement.

47. Novus LLC knew or should have known about Fujifilm's relationship with Novus.

48. Novus LLC intentionally and improperly interfered with this relationship by acquiring substantially all of Novus' assets in violation of Fujifilm's contractual First Refusal Rights.

49. As a result of Novus LLC's tortious interference with Fujifilm's contractual rights and relations, Fujifilm has been damaged in an amount to be proven at trial, plus interest, costs and attorneys' fees.

## **COUNT IV - VIOLATIONS OF RSA 358-A**

50. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 48 above as if fully set forth herein.

51. RSA 358-A:10 provides that "[a]ny person injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages and for such equitable relief, including an injunction, as the court deems necessary and proper."

52. RSA 358-A:2 declares "[i]t shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."

53. RSA 358-A:2, V specifically provides that unlawful acts under RSA 358-A:2 include "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have."

54. As discussed above, Defendants represented that its Printers had certain characteristics, uses, and benefits that upon information and belief they did not have.

55. RSA 358-A:2, VII further specifically provides that unlawful acts under RSA 358-A:2 include "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

56. As discussed above, Defendants violated RSA 358-A:2, VII by representing that the Printers were of a particular standard, quality or grade when in fact Novus knew the Printers were not as advertised or represented.

57. Defendants further violated RSA 358-A by engaging in conduct that meets the general rascality standard set forth by the New Hampshire Supreme Court for un-enumerated RSA 358-A violations, as also set forth above.

58. Pursuant to RSA 358-A:10, if the Court finds for Plaintiffs on their RSA 358-A claims, "recovery shall be in the amount of actual damages or $1,000, whichever is greater," but "[i]f the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount."

59. Furthermore, pursuant to RSA 358-A:10, if Plaintiffs prevail on their RSA 358-A claims, Plaintiffs "shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court."

60. As a result of Defendants' violations of RSA 358-A, Plaintiffs suffered damages and will incur additional damages, together with costs, interest and attorneys' fees.

61. Upon information and belief, Defendants' violations of RSA 358-A were willful or knowing.

62. Accordingly, Plaintiffs are entitled to recover their damages, including all direct, indirect, consequential, and foreseeable damages, as well as an award of treble damages against Defendants pursuant to RSA 358-A, plus interest, costs and attorneys' fees

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief**:**

A.    Award judgment to Plaintiffs against defendants under Counts I through IV;

B.    Award damages against defendants in an amount to be proved at trial;

C.    Award treble damages and attorneys' fees against Defendants under Count IV;

D.    Award pre-judgment and post-judgment interest;

E.    Award all costs and expenses to which Plaintiffs are entitled, including reasonable attorneys' fees; and

F.    Grant such other further relief as the Court deems just and proper.

Respectfully submitted,

FUJIFILM NORTH AMERICA CORPORATION,
FUJIFILM SPECIALTY INK SYSTEMS LTD. and
FUJIFILM INDIA PVT. LTD.,

By their attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC,

Dated: April 22, 2020   By:   */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq. (N.H. Bar No. 4111)
P.O. Box 3600
Manchester, NH 03105-3600
(603) 626-3300
tpappas@primmer.com

12

*3890807.7*