UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Fujifilm North America Corporation et al.

    v.

M&R Printing Equipment, Inc. et al.

Civil No. 20-cv-492-LM
Opinion No. 2021 DNH 040 P

# O R D E R

Plaintiffs Fujifilm North America Corporation, Fujifilm Speciality Systems Ltd. and Fujifilm India Pvt. Ltd. (collectively "Fujifilm"), bring this action against defendants M&R Printing Equipment, Inc. ("M&R Printing"), Novus Printing Equipment, LLC ("Novus Printing"), and NI Holdings, Inc., f/k/a Novus Imaging, Inc. ("Novus Holdings"). Plaintiffs assert claims for breach of contract and for violation of the New Hampshire Consumer Protection Act ("CPA"), RSA ch. 358-A. Defendants filed two motions for judgment on the pleadings[1] (doc. nos. 16 and 26). Plaintiffs object and move to amend the complaint (doc. no. 32), to which defendants object. The court resolves these motions as outlined below.

## STANDARD OF REVIEW

Because allowing plaintiffs' proposed amended complaint would moot the defendants' motions for judgment on the pleadings, the court must first consider the motion to amend. Donlon v. Hillsborough Cnty., Civ. No. 18-cv-549-LM, 2019 WL

---

[1] Novus Holdings did not join M&R Printing and Novus Printing in the first motion for judgment on the pleadings (doc. no. 16).

2062436, at *1 (D.N.H. May 9, 2019); see LR 15.1(c); Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014).  A court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, this liberal standard does not require a court to grant every motion to amend.  Donlon, 2019 WL 2062436, at *1.  Rather, a request to amend "is appropriately denied when . . . 'the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part.'"  Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 60-61 (1st Cir. 2013) (brackets omitted) (quoting Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 19 (1st Cir. 2013)).

Defendants object to the requested amendment on futility grounds.  "A 'futile' amendment is one that 'would fail to state a claim upon which relief can be granted.'"  Donlon, 2019 WL 2062436, at *1 (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).  When, as here, a plaintiff files a motion to amend in response to one or more motions for judgment on the pleadings and discovery is not yet complete, the futility inquiry mirrors the analysis applied under Federal Rule of Civil Procedure 12(b)(6).  See id.; Frappier, 750 F.3d at 96 (explaining that the "standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)" (quoting Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007))).

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiffs' favor, and

"determine whether the factual allegations in the . . . complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71, 75 (1st Cir. 2014) (citation and internal quotation marks omitted).  The court may also consider documents attached to the complaint and documents expressly incorporated in the complaint.  See id. at 71-72.  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## BACKGROUND

I.   <u>Factual Background</u>

The following facts are drawn from the plaintiffs' proposed amended complaint and its attachments (doc. no. 32-1).  The three plaintiffs in this action are corporations organized under the laws of New York (Fujifilm North America), Great Britain (Fujifilm Speciality), and India (Fujifilm India).  Each plaintiff operates its principal place of business in the jurisdiction in which it is incorporated.  Defendant M&R Printing is incorporated in Delaware with a principal place of business in Illinois.  Defendants Novus Printing and Novus Holdings each have a principal place of business in New Hampshire, but Novus Printing is incorporated in Delaware whereas Novus Holdings is incorporated in New Hampshire.  Novus Printing is an LLC, the sole member of which is M&R Printing.

Plaintiffs are in the business of distributing photographic and graphic arts equipment.  Defendants manufacture printers.  In October 2015, Fujifilm entered into a "Distributor Agreement" with Novus Holdings to become a distributor and reseller of Novus Holdings' "Synergia" Printer (the "Printer").  The Distributor Agreement contained a clause stating that Novus Holdings would indemnify Fujifilm for "all actions, suits, claims, demands, losses, damages, or other liabilities . . . arising out of or related to [Novus Holdings'] manufacture, storage, packaging, and shipment" of Printers.  Doc. no. 32-1 at 25.  Fujifilm and Novus Holdings also entered into a "Global Service Level Agreement," (the "Service Agreement") pursuant to which Novus Holdings agreed to provide support services for malfunctioning Printers.

Fujifilm purchased eleven Printers from Novus Holdings between April 2015 and May 2018.  All eleven Printers exhibited substantial malfunctions.  Although Fujifilm informed Novus Holdings of these defects, Novus Holdings failed to repair or replace the Printers or to refund Fujifilm.  In addition, in April 2016, Fujifilm provided Novus Holdings with the purchase price for an additional Printer as well as $408,192 in down payments for four other Printers.  Novus Holdings failed to deliver any of these Printers.

By letter dated December 16, 2016, Novus Holdings informed Fujifilm of a "proposed transaction that [it] . . . is contemplating with M&R Group Holdings." Doc. no. 32-1 ¶ 28.  Although the letter seemingly contained no details of the proposed transaction, the letter did state Novus Holdings' "understanding that the

plan is for NOVUS or the surviving entity to continue to supply Fujifilm . . . and its affiliates with product in accordance with our Distributor Agreement dated October 1, 2015." Id.

On April 18, 2017, Novus Holdings entered into an "Asset Purchase Agreement" (the "Asset Agreement") with M&R Printing and Novus Printing. Under the Asset Agreement, Novus Holdings transferred substantially all of its tangible and intangible property, including its: real property; inventory; machinery; computers; intellectual property; corporate name; goodwill; legal claims regarding any acquired asset; and contractual rights under approximately twenty contracts— including the Distributor Agreement.

Officers for all three defendants signed the Asset Agreement.  Michael Mills signed on Novus Holding's behalf as its president.  Subsequent to the Asset Agreement's signing, Mills sent multiple letters to Fujifilm on Novus Holdings' letterhead.  Mills signed the letters as "President, Novus Division, an M&R Company," and listed Novus Holdings' New Hampshire business address, which Novus Holdings had sold in the Asset Agreement.  Novus Holdings thereafter operated as part of M&R Printing, with Mills continuing to work from Novus Holdings' prior business address as the company's President along with Novus Holdings' former employees.

On April 18, 2017, Novus Holdings issued two "Credit Memos" to Fujifilm. The memos indicate that Novus Holdings held two credits from Fujifilm totaling $580,142.  A notation next to the credits indicated that they had been "sold to

M&R."  Doc. no. 32-1 at 82-83.  Finally, according to a balance sheet for Novus

Holdings dated April 30, 2017, Novus Holdings had virtually no assets as of that

date; it possessed only limited bank deposits, accounts receivable, and prepaid

expenses.


II.    Procedural Background

Fujifilm subsequently brought this action against Novus Holdings, M&R

Printing, and Novus Printing.  Count I of the proposed amended complaint brings a

breach of contract claim against all defendants, alleging that defendants breached

the Distributor Agreement and Service Agreement by, among other things, failing

to repair the malfunctioning Printers and failing to deliver Printers.  Count II

specifically alleges that defendants breached the indemnification clause of the

Distributor Agreement by failing to indemnify Fujifilm for the losses it suffered

from defendants' other breaches.  Count III alleges that defendants violated the

CPA by misrepresenting the Printers' quality and characteristics.

Defendants filed two motions for judgment on the pleadings.  In the first

motion (doc no. 16), M&R Printing and Novus Printing argue that Fujifilm fails to

state contractual or CPA claims against them because such claims rely on theories

of successor liability, which Fujifilm failed to adequately plead.  They further argue

that judgment on the pleadings is warranted because Fujifilm has failed to allege

facts sufficient to pierce Novus Printing's corporate veil.  In the second motion (doc.

no. 26), all three defendants argue that plaintiffs' CPA claims should be dismissed

because they do not comply with the statute's territoriality requirement and because they are not alleged with the specificity required by Federal Rule of Civil Procedure 9(b).  Finally, defendants argue that any claim arising from printers purchased before April 2016 should be dismissed because such claims are barred by the relevant statute of limitations.

Fujifilm objects to both motions and seeks leave to amend the complaint to "add factual allegations based upon recently produced information."  Doc. no. 32 at 1.  Fujifilm primarily seeks to add information about the Asset Agreement, which it has only recently received from Novus Holdings in discovery and did not have at the time it filed its original complaint.  M&R Printing and Novus Printing (but not Novus Holdings) object to the proposed amendment on futility grounds, arguing that the proposed amended complaint would still fail to plead sufficient facts for successor liability or to pierce Novus Printing's veil.  In addition, M&R Printing and Novus Printing assert that the proposed amended complaint is futile because it fails to address any of the deficiencies identified in the second motion for judgment on the pleadings.

## DISCUSSION

I.    The Proposed Amended Complaint Adequately Pleads Successor Liability

As the parties' futility arguments are primarily addressed to whether Fujifilm has adequately pled a theory of successor liability, the court begins with successor liability.  Here, as noted, Fujifilm brings breach of contract and CPA

claims against all three defendants.  Although it appears to be undisputed that M&R Printing and Novus Printing were not parties to either the Distributor Agreement or Service Agreement, Fujifilm alleges that M&R Printing is liable as Novus Holdings' successor-in-interest to those agreements.  Fujifilm also alleges that Novus Printing conducts no business of its own and is a "mere instrumentality" used "to effect a de facto merger" of Novus Holdings and M&R Printing.  Doc. no. 32-1 ¶ 39.

Before addressing the merits of the parties' successor liability arguments, the court notes defendants' argument that Delaware successor liability law applies in this case because both M&R Printing and Novus Printing are incorporated in Delaware.  M&R Printing and Novus Printing assert that there is an actual conflict between Delaware and New Hampshire successor liability law in that Delaware law is "more rigorous and clear-cut than New Hampshire's."  Doc. no. 16 at 6.  However, the court need not resolve, at this time, whether New Hampshire or Delaware law governs this issue.  Even assuming Delaware successor liability law applies and is more stringent than New Hampshire's, for the reasons that follow Fujifilm has plausibly alleged successor liability under Delaware law.

Delaware adheres to the general principle of corporate law that, "when one company sells or otherwise transfers all of its assets to another company, the buyer generally is not responsible for the seller's liabilities."  Magnolia's at Bethany, LLC v. Artesian Consulting Eng'rs, Inc., C.A. No. S11 C-04-013-ESB, 2011 WL 4826106, at *2 (Del. Super. Ct. Sept. 19, 2011).  Thus, an allegation that M&R Printing and

Novus Printing entered into an agreement to purchase substantially all of Novus Holdings' assets would ordinarily fail to show that M&R Printing and Novus Printing are responsible for Novus Holdings' liabilities. However, in "some limited situations where an avoidance of liability would be unjust, a purported sale of assets . . . may be found to transfer liabilities of the predecessor corporation." AJZN, Inc. v. Yu, Civ. No. 13-149 GMS, 2015 WL 331937, at *15 (D. Del. Jan. 26, 2015) (quoting Fehl v. S.W.C. Corp., 433 F. Supp. 939, 945 (D. Del. 1977)). These situations include: "(1) the buyer's assumption of liability; (2) de facto merger or consolidation; (3) mere continuation of the predecessor under a different name; or (4) fraud." Magnolia's at Bethany, 2011 WL 4826106, at *2 (italics omitted); accord, e.g., Ross v. Desa Holdings Corp., C.A. No. 05C-05-013 MMJ, 2008 WL 4899226, at *4 (Del. Super. Ct. Sept. 30, 2008).

Fujifilm's proposed amended complaint alleges that M&R Printing is subject to successor liability for Novus Holdings' actions under all four of these theories. M&R Printing and Novus Printing argue that Fujifilm's claims against them must be dismissed because the proposed amended complaint fails to adequately allege that they bear successor liability pursuant to any of these theories.

However, the court declines to evaluate the extent to which each of these four theories are adequately pled in the proposed amended complaint. As noted, Counts I and II of the proposed amended complaint bring breach of contract claims, and Count III brings CPA claims. While Fujifilm may seek to hold Novus Printing and M&R Printing liable for these claims pursuant to theories of successor liability,

Fujifilm is not required to prove that each of the four recognized exceptions applies in order to demonstrate successor liability. It need only show that one applies. "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." BBL, Inc. v. City of Angola, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis omitted). At this early stage, Fujifilm need only allege a set of facts "showing . . . that <u>a</u> theory exists upon which [Fujifilm] may be able to hold defendants liable." AJZN, 2015 WL 331937, at *16 (emphasis added; quotation omitted). Thus, if the court is satisfied that the proposed amended complaint plausibly alleges one of the four theories of successor liability highlighted above, that would demonstrate that Fujifilm's claims against M&R Printing and Novus Printing are plausible to the extent they rely on successor liability. See id.

The court concludes that the proposed amended complaint plausibly alleges a mere continuation theory of successor liability. "Mere continuation requires that that the new company be the same legal entity as the old company." Magnolia's at Bethany, 2011 WL 4826106, at *3. "The test is not the continuation of the business operation; rather, it is the continuation of the corporate entity." Fountain v. Colonial Chevrolet Co., 1988 WL 40019, at *9 (Del. Super. Ct. Apr. 13, 1988). "The 'primary elements' of being the same legal entity . . . include 'the common identity of the officers, directors, or stockholders of the predecessor and successor corporations, and the existence of only one corporation at the completion of the transfer.'" Spring

Real Estate, LLC v. Echo/RT Holdings, LLC, C.A. No. 7994-VCN, 2013 WL 6916277, at *5 (Del. Ch. Dec. 31, 2013) (quoting Magnolia's at Bethany, 2011 WL 4826106, at *3).  "Imposition of successor liability is appropriate only where the new entity is so dominated and controlled by the old company that separate existence must be disregarded." Ross, 2008 WL 4899226, at *4.

Here, it is undisputed that Novus Holdings sold virtually all of its assets pursuant to the Asset Agreement and that all three defendants were parties to the Asset Agreement.  The Asset Agreement provides that Novus Holdings agreed to transfer, with limited exceptions, all of its "tangible property," including its building, inventory, machinery, equipment, tools, furniture, computers, and books and records.  Novus Holdings also sold virtually all of its "intangible property," including its corporate name, intellectual property, goodwill, and rights under approximately twenty contracts—including the Distributor Agreement.  After the Asset Agreement's execution, Novus Holdings' only assets consisted of bank deposits, accounts receivable, and prepaid expenses.  Novus Holdings' President, Michael Mills, sent correspondence to Fujifilm on Novus Holdings' letterhead following the Asset Agreement's execution, and represented that he was the President of the "Novus Division" of M&R Printing.  In addition, the proposed amended complaint alleges that Novus Holdings operated as part of M&R Printing after the Asset Agreement's execution, with M&R Printing continuing to employ all of Novus Holdings' employees, and with Mills continuing both to fill the same role as Novus Holdings' President and to work from Novus Holdings' building (which

Novus Holdings sold in the Asset Agreement).  In light of the foregoing, and construing all facts and reasonable inferences in the light most favorable to Fujifilm, the court concludes that the proposed amended complaint plausibly alleges a mere continuation theory of successor liability.  See Corp. Prop. Assocs. 8 v. Amersig Graphics, Inc., Civ. A. No. 13241, 1994 WL 148269, at *1, *4-5 (Del. Ch. Mar. 31, 1994).  Thus, Fujifilm's claims against M&R Printing and Novus Printing are plausible to the extent they rely on such a theory.

II.   The Proposed Amended Complaint Plausibly Alleges a Veil-Piercing Theory under New Hampshire Law

As previously noted, Novus Printing is an LLC, and the LLC's sole member is M&R Printing.  The Asset Agreement states that Novus Printing is the "Buyer" of Novus Holdings' assets, and that M&R Printing is Novus Printing's owner as well as its operating company.[2]  Doc. no. 32-1 at 38, 44.  For these reasons, M&R Printing and Novus Printing argue that Fujifilm's claims against M&R Printing require the piercing of Novus Printing's corporate veil.  They further argue that the proposed amended complaint fails, under Delaware law, to allege sufficient facts to pierce Novus Printing's veil.  For the reasons that follow, the court cannot conclude, at this time, that Delaware veil-piercing law governs Fujifilm's claims.

---

[2] The Asset Agreement uses the word "Opco," rather than "operating company," in referring to M&R Printing.  See, e.g., doc. no. 32-1 at 38, 44.  The court uses the phrase "operating company" since "Opco" is a common abbreviation for that phrase.  To the extent further motions are filed in this case where that term becomes relevant, the parties should clarify its meaning.

"A federal court sitting in diversity jurisdiction, as here, applies the forum state's choice-of-law rules." Petersen v. Atrium Med. Corp., Civ. No. 18-cv-212-LM, 2019 WL 4261822, at *2 (D.N.H. Sept. 9, 2019) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  Under New Hampshire choice-of-law principles, the party asserting that another state's law applies has the burden of demonstrating that the relevant substantive New Hampshire law is in actual conflict with that of the other interested state.  See id. at *2-4 & n.6; SIG Arms, Inc. v. Emp'rs Ins. of Wasau, 122 F. Supp. 2d 255, 259 (D.N.H. 2000).  If the moving party does not so demonstrate, the court applies New Hampshire law.  See Aftokinito Props., Inc. v. Millbrook Ventures, LLC, Civ. No. 09-cv-415-JD, 2010 WL 3168295, at *3 (D.N.H. Aug. 9, 2010).  If the moving party does so demonstrate, the court ordinarily proceeds to a five-factor "choice-of-law influencing considerations" test to determine which state's law applies.  Bartlett v. Commerce Ins. Co., 167 N.H. 521, 526 (2015).

As is apparent from this brief overview, demonstrating that the substantive law of another state ought to apply is often a difficult task under New Hampshire law.  However, although M&R Printing and Novus Printing's motion for judgment on the pleadings asserts that Fujifilm fails to state a claim to pierce Novus Printing's veil under Delaware law, the defendants fail to make a choice-of-law argument with respect to Delaware veil-piercing law in their motion.  For reasons that are unclear, the motion simply assumes that Delaware veil-piercing law applies.

In M&R Printing and Novus Printing's reply, where their veil-piercing choice-of-law argument first appears, they make only a limited attempt to demonstrate the applicability of Delaware veil-piercing law.  For example, M&R Printing and Novus Printing assert in their reply that the court need not even conclude Delaware veil-piercing law is in actual conflict with New Hampshire veil-piercing law in order to apply Delaware veil-piercing law.  This assertion is unsupported by citation to authority—New Hampshire or otherwise—and the court is unaware of any New Hampshire authority for this proposition.  The court is reluctant to conclude that Delaware veil-piercing law is an actual conflict with New Hampshire law, or that New Hampshire's five-factor choice-of-law influencing considerations test points to Delaware veil-piercing law, based on the limited arguments before it.  See Rivera v. Body Armor Outlet, LLC, Civ. No. 17-cv-512-LM, 2018 WL 1732154, at *2 (D.N.H. Apr. 10, 2018) (declining to resolve choice-of-law question because, in part, "the parties do not fully explain how Nevada and New Hampshire law . . . conflict"); Knightly v. Gula, Civ. No. 16-cv-124-AJ, 2016 WL 4401996, at *1 (D.N.H. Aug. 18, 2016) (declining to resolve choice-of-law question "[w]ithout discovery and only the benefit of a five-page complaint and some briefing"); see also Picone v. Shire PLC, No. 16-cv-12396, 2017 WL 4873506, at *15 (D. Mass. Oct. 20, 2017) (noting it was "premature to conduct the choice-of-law analysis at the motion to dismiss stage prior to discovery" given the complex nature of the case at hand).

Although choice-of-law questions cry out for fully-developed argument in even an ordinary case, the choice-of-law questions presented by this case are far from ordinary.  First, as Fujifilm notes, the Distributor Agreement contains a choice-of-law clause stating that, in "any legal action arising between the Parties in connection with this Agreement, . . . [t]his Agreement and performance hereunder shall be governed by and interpreted under the laws of the jurisdiction in which [the action] is filed."  Doc. no. 32-1 at 30.  Although M&R Printing and Novus Printing assert—in their reply—that this clause does not require the court to apply New Hampshire veil-piercing law to Fujifilm's claims for breach of the Distributor Agreement, they fail to cite supporting New Hampshire or First Circuit authority in so arguing.  This court has previously discussed, at length, the complex considerations involved in determining whether a contractual choice-of-law clause governs claims that relate to, but do not necessarily arise from, the contract which contains the clause.  See Stonyfield Farm, Inc. v. Agro-Farma, Inc., No. 08-CV-488-JL, 2009 WL 3255218, at *4-6 & n.8 (D.N.H. Oct. 7, 2009).  The court is reticent to wade into these murky waters without the benefit of briefing on controlling law.

In addition, Fujifilm's claims against M&R Printing and Novus Printing may be subject to the internal affairs doctrine.  Under this conflict of laws principle, issues implicating a corporation's internal affairs are resolved under the law of the state of incorporation.  See Edgar v. MITE Corp., 457 U.S. 624, 645 (1982); Mariasch v. Gillette Co., 521 F.3d 68, 72 (1st Cir. 2008).  Some courts have held that veil-piercing issues implicate a corporation's internal affairs and therefore are

resolved under the incorporating state's laws.  See, e.g., Matson Logistics, LLC v. Smiens, Civ. No. 12-400 ADM/JJK, 2012 WL 2005607, at *5-6 (D. Minn. June 5, 2012).

New Hampshire has adopted the internal affairs doctrine.  See In re Fryeburg Water Co., 106 A. 225, 226-27 (N.H. 1919).  However, M&R Printing and Novus Printing's briefing leaves unanswered whether New Hampshire's internal affairs doctrine governs veil-piercing issues.  In New Hampshire, "the corporate veil may be pierced by finding that the corporate identity has been used to promote an injustice or fraud on the plaintiffs."  Terren v. Butler, 134 N.H. 635, 639 (1991).  But in Fryeburg Water the New Hampshire Supreme Court seemed to hold that the internal affairs doctrine does not apply to "suits against [a corporation] . . . for fraud practiced by it in the conduct of its business."  Fryeburg Water, 106 A. at 226-27.  M&R Printing and Novus Printing's briefing fails to resolve—or even note—this tension between the veil-piercing and internal affairs doctrines in New Hampshire.

For these reasons, the court finds that defendants have not met their burden of showing that Delaware veil-piercing law governs Fujifilm's claims.  This ruling is without prejudice to raising a fully developed veil-piercing choice-of-law argument at a later time or in a motion for summary judgment.  See Knightly, 2016 WL 4401996, at *1.  Because M&R Printing and Novus Printing have not demonstrated that Delaware veil-piercing law applies, the court will analyze whether the proposed amended complaint states sufficient facts to pierce Novus Printing's veil under New Hampshire law.  See Petersen, 2019 WL 4261822, at *2-4 & n.6.

16

Under New Hampshire law, a "limited liability company, like a corporation, is treated as a separate legal entity" from its members, "and its liabilities are not attributable to its owners and managing members." In re Gilbert, Bankr. No. 06-10119-JMD, 2007 WL 397018, at *3 (Bankr. D.N.H. Feb. 1, 2007) (citing RSA 304-C:25. However, as with a corporation, a plaintiff may seek to hold the members of an LLC liable for the LLC's debts under a veil-piercing theory. See Mbahaba v. Morgan, 163 N.H. 561, 568-70 (2012) (reversing grant of summary judgment to LLC defendant on veil-piercing grounds because the evidence permitted "a finding that the limited-liability identity was used to promote an injustice upon the plaintiff"); see also Martinez v. Petrenko, 792 F.3d 173, 181 n.6 (1st Cir. 2015) (noting the defendant's concession that "veil-piercing can apply to limited liability companies . . . under New Hampshire law").

"In New Hampshire, 'the doctrine of piercing the corporate veil is an equitable remedy.'" Michnovez v. Blair, LLC, 795 F. Supp. 2d 177, 185 (D.N.H. 2011) (brackets omitted) (quoting Lamontagne Bldrs., Inc. v. Bowman Brook Purchase Grp., 150 N.H. 270, 274 (2003)); see also Terren, 134 N.H. at 639-40 ("New Hampshire courts do not 'hesitate to disregard the fiction of the corporation' when circumstances would lead to an inequitable result." (brackets omitted) (quoting Ashland Lumber Co. v. Hayes, 119 N.H. 440, 441 (1979))). A plaintiff states sufficient facts to pierce an LLC's veil when the allegations in the complaint make it plausible that the LLC's members have used the LLC's corporate form "to promote an injustice or fraud on the" plaintiff. Norwood Grp., Inc. v. Phillips, 149

17

N.H. 722, 724 (2003).  "Evidence of a lack of sufficient separation between" an LLC and its members "is an important sign that the [members have] abused the corporate form."  In re Gilbert, 2007 WL 397018, at *4.  Lack of sufficient separation between an LLC and a member may be shown by, among other things, demonstrating that the member exercised "sole and exclusive control over" the LLC.  Antaeus Enters., Inc. v. Davidson, 774 F. Supp. 2d 409, 416 (D.N.H. 2011).  It may also be shown by demonstrating that the LLC "intermingled its affairs" with the member by, for example, sharing employees.  Id.

Here, the proposed amended complaint alleges facts which permit the inference that M&R Printing used Novus Printing's corporate form to promote an injustice on Fujifilm.  Although Novus Printing is deemed the "Buyer" of Novus Holdings' assets in the Asset Agreement, the Asset Agreement refers to Novus Printing and M&R Printing collectively as the "Buyer Parties."  Doc. no. 32-1 at 44.  The Asset Agreement also states that M&R Printing—the LLC's only member—is Novus Printing's "owner" as well as its operating company.  Id. at 38, 44.  The proposed amended complaint alleges that, following the Asset Agreement's execution, Novus Holdings represented itself to be "an M&R [Printing] Company" rather than a Novus Printing Company.  Id. ¶ 32.  It further alleges that all of Novus Holdings' employees—including its President, who made the representation regarding Novus Holdings' newfound place within M&R Printing—became M&R Printing employees rather than Novus Printing employees.  And the credit memos

attached to the proposed amended complaint show that, despite the Asset

Agreement's structuring, Novus Holdings sold Fujifilm's credits to M&R Printing.

     In sum, the factual allegations in the proposed amended complaint, construed

in a light most favorable to Fujifilm, plausibly allege a veil-piercing theory under

New Hampshire law.  See Antaeus Enters., 774 F. Supp. 2d at 416; In re Gilbert,

2007 WL 397018, at *4.  Thus, defendants have failed to demonstrate that the

claims against M&R Printing in the proposed amended complaint are futile to the

extent they require the piercing of Novus Printing's veil.

III.    <u>The Proposed Amended Complaint Fails to State CPA Claims</u>

     Count III of the proposed amended complaint alleges that defendants

violated the CPA by misrepresenting the Printers' "characteristics, uses, and

benefits" as well as their "standard, quality, or grade."  Doc. no. 32-1 ¶¶ 57-60; <u>see</u>

RSA 358-A:2, V, VII.  It further alleges that defendants' misrepresentations violated

the CPA under the general "rascality" standard set forth by the New Hampshire

Supreme Court.[3]  See, e.g., Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 675-76

(2013).  Defendants argue that the proposed amended complaint is futile because

the misrepresentation claims raised in Count III fail as a matter of law, insofar as

_____

     [3] Although it is not altogether clear from the proposed amended complaint
itself whether Fujifilm's "rascality" claim is based upon defendants' purported
misrepresentations or some other conduct, Fujifilm's objection to defendants' second
motion for judgment on the pleadings makes clear that its rascality claim, both in
the original complaint and in the proposed amended complaint, relates to alleged
misrepresentations.  See doc. no. 28 at 9-11.

Fujifilm does not allege that it received the purported misrepresentations "within" New Hampshire as required by the CPA.[4]  RSA 358-A:2.

The CPA provides: "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."  RSA 358-A:2 (emphasis added).  "The New Hampshire Supreme Court has not specifically addressed how the 'within this state' requirement applies to misrepresentation claims under [RSA] 358-A:2."  Ortiz v. Sig Sauer, Inc., 448 F. Supp. 3d 89, 107 (D.N.H. 2020).  However, this court has held that "the locus of the conduct proscribed by [the CPA] is the place where the misrepresentation is received."  BAE Sys. Inf. & Elecs. Sys. Integration Inc. v. SpaceKey Components, Inc., No 10-cv-370-LM, 2011 WL 1705592, at *6 (D.N.H. May 4, 2011).  Phrased differently, a misrepresentation is made "within this state" for purposes of the CPA "whenever a person receives a misrepresentation in the State of New Hampshire."[5]  Ortiz, 448 F. Supp. 3d at 107; see also Environamics

_____

[4] Defendants argue in the alternative that the CPA claims in the proposed amended complaint are not pled with the specificity required by Federal Rule of Civil Procedure 9(b), and that any CPA claim stemming from Printers purchased before April 22, 2016 is time-barred.

[5] Fujifilm alleges that requiring the misrepresentation to be received in New Hampshire violates the Privileges and Immunities Clause in Article IV, Section 2 of the United States Constitution because it affords the CPA's protections to New Hampshire citizens while denying them to noncitizens.  Fujifilm lacks standing to assert this argument because the Privileges and Immunities Clause of Article IV does not apply to corporations.  See Western & Southern Life Ins. Co. v. State Bd. of Equalization of Cal., 451 U.S. 648, 656 (1981); Kowalski v. Tesmer, 543 U.S. 125, 129 (2004).  However, even if the Clause did apply to corporations, Fujifilm is simply incorrect in arguing that the CPA distinguishes between citizens and

Corp. v. Ferguson Enters., Inc., No. Civ. 00-579-JD, 2001 WL 1134727, at *4
(D.N.H. Sept. 24, 2001).

For example, in BAE Systems, the plaintiff and defendant contracted for the
defendant to identify buyers for plaintiff's products.  See BAE Sys., 2011 WL
1705592, at *1, *3.  The plaintiff operated an office out of New Hampshire, and the
defendant operated out of Virginia.  Id. at *2.  One of the plaintiff's products was a
"field programmable gate array . . . which it called the RH1280B."  Id. at *3.  The
plaintiff issued a press release regarding the RH1280B which stated that the
product's "total dose radiation-hardness" was "in excess of 300K rads."  Id.  In
addition, the RH1280B's product specifications stated that it "would meet all the
performance specifications of its predecessor."  Id.  The defendant located customers
for the RH1280B in Connecticut, Maryland, and Virginia, and submitted purchase
orders to the plaintiff in accordance with their contract.  See id.  However, the
RH1280B ultimately failed to meet several of the promised specifications.  See id.
When the plaintiff later sued the defendant for breach of contract, the defendant
brought a counterclaim alleging that the plaintiff's misrepresentations regarding
the RH1280B violated the CPA.  See id. at *1, *3.

This court granted the plaintiff's motion to dismiss the defendant's CPA
claim.  Id. at *6.  Although the defendant "allege[d] that it was misled by
advertising directed toward it from New Hampshire," it made "no allegation that

_____

noncitizens of New Hampshire.  A noncitizen of New Hampshire is as capable of
receiving a misrepresentation in this state as a citizen is.

[plaintiff's] conduct involved commercial activities directed toward New Hampshire, or that [plaintiff's] conduct adversely affected [defendant's] ability to do business in New Hampshire."  Id. at *5-6.  Rather, the gravamen of defendant's CPA claim was that it experienced the harm from the plaintiff's alleged misrepresentations in Virginia, where it operated its business.  See id. at *6.  Because the "locus" of the CPA's territoriality requirement "is the place where the misrepresentation is received," the defendant's CPA claim involving misrepresentations received in Virginia failed as a matter of law.  Id.

Here, Fujifilm's proposed amended complaint does not allege that it received the complained-of misrepresentations in New Hampshire.  Indeed, it fails to specify where Fujifilm experienced the misrepresentations.  Given that plaintiffs neither operate their principal places of business in New Hampshire nor allege any physical presence here, the court cannot reasonably infer from the allegations in the proposed amended complaint that Fujifilm would have received any alleged misrepresentations within New Hampshire.

Fujifilm contends that defendants' misrepresentations occurred "within this state" for CPA purposes because Novus Holdings signed the Distributor Agreement in New Hampshire and manufactured Printers in New Hampshire.  However, even assuming Novus Holdings misrepresented the Printers' quality or characteristics in the Distributor Agreement or, somehow, in manufacturing the Printers, Fujifilm's contentions would only show that such misrepresentations originated in New Hampshire.  They would not show that Fujifilm received or experienced a

misrepresentation in New Hampshire, as required to state a claim under the CPA.

See BAE Sys., 2011 WL 1705592, at *5-6; see also Ortiz, 448 F. Supp. 3d at 107

(rejecting the argument that the CPA "reaches any misrepresentations . . .

originating from a place of business in New Hampshire"). "[A]n out-of-state entity

complaining about conduct originating in New Hampshire that has [only] an

extraterritorial effect" fails to state a claim under the CPA. BAE Sys., 2011 WL

1705592, at *5-6.

For the foregoing reasons, the court concludes that the CPA claims in Count

III of the proposed amended complaint fail as a matter of law.[6] Thus, the proposed

amended complaint is futile to the extent it seeks to raise such claims.

IV.   **Defendants Have Not Demonstrated that Fujifilm's Contract Claims Relating to Printers Purchased Before April 2016 Are Time-Barred**

Finally, defendants argue that the proposed amended complaint is futile

insofar as the breach-of-contract claims relating to Printers purchased before April

2016 are time-barred. Although a Rule 12(b)(6) analysis ordinarily tests the

sufficiency of a plaintiff's complaint, "it is sometimes permissible to grant a motion

to dismiss based on an affirmative defense, such as the statute of limitations."

Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005).

A motion to dismiss based upon a statute-of-limitations defense may be granted

---

[6] In light of this conclusion, the court need not address defendants' alternative arguments that Fujifilm's CPA claims fail to comport with Federal Rule of Civil Procedure 9(b), or that its CPA claims relating to Printers purchased before April 2016 are time-barred.

"when the pleader's allegations leave no doubt that an asserted claim is time-barred." Id. (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).

The statute of limitations for contract actions in New Hampshire is three years. See RSA 508:4. The limitations period begins running at the time of the breach unless the plaintiff could not reasonably have discovered the breach at the time of its occurrence. See id. In that case, the limitations period begins running when "the plaintiff knows, or reasonably should have known, both that the defendant breached the agreement and that the plaintiff suffered harm as a result." Archdiocese of San Salvador v. FM Intern., LLC, No. 05-CV-237-JD, 2006 WL 437493, at *4 (D.N.H. Feb. 23, 2006) (citing Coyle v. Battles, 147 N.H. 98, 101 (2001)).

Defendants contend that Fujifilm's breach of contract claims all stem from a warranty contained in the Service Agreement. Specifically, the Service Agreement contained a one-year warranty that the Printers would be of merchantable quality and would be "free from defects in material, workmanship, and design." Doc. no. 26-2 at 52.[7] Defendants assert that, because the warranty was for only one year, if any breaches occurred with respect to a particular Printer they must have occurred

---

[7] Although Fujifilm did not attach the Service Agreement to either the original complaint or the proposed amended complaint, the defendants submitted it with their second motion for judgment on the pleadings. See doc. no. 26-2. Because Fujifilm's contract claims depend on the Service Agreement, the court may consider it in its Rule 12(b)(6) analysis. See Ironshore Specialty Ins. Co. v. United States, 871 F.3d 131, 135 (1st Cir. 2017).

within one year of that Printer's purchase.  Thus, because this action was filed April

22, 2020, the defendants assert that any contract claims related to Printers

purchased before April 22, 2016—the last date that a Printer could have been

purchased with a warranty lasting until April 22, 2017 (three years before Fujifilm

filed suit)—are not timely.

The court does not agree that Fujifilm's breach of contract claims are

dependent upon the warranty contained in the Service Agreement.  "Under New

Hampshire law, 'a breach of contract occurs when there is a failure without legal

excuse to perform any promise which forms the whole or part of a contract.'"  Pro

Done, Inc. v. Basham, 172 N.H. 138, 142-43 (2019) (brackets omitted) (quoting

Lassonde v. Stanton, 157 N.H. 582, 588 (2008)).  Count I of the proposed amended

complaint asserts that defendants breached the Distributor Agreement and Service

Agreement by, among other things, failing to remedy or repair defects in the

Printers, failing to accept the return of the Printers, failing to deliver Printers paid

for by Fujifilm, failing to indemnify Fujifilm, failing to honor its warranty

obligations under the Service Agreement, and failing to return Fujifilm's deposits.

See doc. no. 32-1 ¶ 47.  Only one of these theories of breach relates to the warranty

upon which defendants rely.

For example, the proposed amended complaint highlights Section 7(b) of the

Distributor Agreement, which provides that: "If the [Printers] or the tender of

delivery fails in any material respect to conform to specifications of [Fujifilm's] . . .

25

purchase order, or if the [Printers] are defective or unsuitable upon delivery, . . . [Novus Holdings] shall, at its election, either repair or replace the non-conforming [Printers]."  Doc. no. 32-1 at 23.  Fujifilm alleges that defendants breached their contract with Fujifilm by violating this provision—which is not subject to a one-year window, and which does not depend on the warranty contained in the Service Agreement.  Nor do Fujifilm's claims that defendants breached the contract by failing to deliver printers altogether or to return Fujifilm's deposits relate to the time-limited warranty contained in the Service Agreement.  In short, defendants have not shown that Fujifilm's breach of contract claims relating to Printers purchased before April 22, 2016, are time-barred beyond all doubt.  See Centro Medico, 406 F.3d at 6.  Thus, the court does not conclude that the proposed amended complaint is futile to the extent it seeks to raise such claims.

## CONCLUSION

Fujifilm's motion to amend (doc. no. 32) is granted in part and denied in part. It is denied as to Count III of the proposed amended complaint, as the CPA claims alleged in Count III fail as a matter of law.  The motion to amend is otherwise granted.  On or before March 10, 2021, Fujifilm shall file an amended complaint that conforms with this order (i.e., asserting paragraphs 1 through 53 and Counts I and II of doc. no. 32-1, but not asserting paragraphs 54 through 66 or Count III).

Once the amended complaint is filed, the court will deny as moot the pending

motions for judgment on the pleadings (doc. nos. 16 and 26).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 24, 2021

cc:  Counsel of Record

27