UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Fujifilm North America Corporation et al.</u>

       v.                                  Civil No. 20-cv-492-LM
                                                Opinion No. 2023 DNH 068 P
<u>M&R Printing Equipment, Inc., et al.</u>


**O R D E R**

Plaintiffs Fujifilm North America Corporation, Fujifilm Specialty Ink Systems Ltd., and Fujifilm India Pvt. Ltd. (collectively, "Fujifilm") bring breach of contract and indemnification claims against M&R Printing Equipment, Inc., and Novus Printing Equipment, LLC, (collectively "M&R"), and NI Holdings, Inc., f/k/a Novus Imaging, Inc., ("Novus Imaging"). The claims relate to a 2015 contract pursuant to which Fujifilm purchased 14 commercial printers from Novus Imaging (which has since been acquired by M&R). Fujifilm alleges the printers were defective.

Before the court is a motion by M&R asking the court to compel Fujifilm to provide full and complete narrative answers to M&R's Interrogatory No. 2, and its subparts, and to award M&R the reasonable expenses incurred in bringing this motion. Fujifilm objects on the grounds that its response is sufficient. For the reasons that follow, the court denies M&R's motion.

## BACKGROUND

The full facts of this case are summarized in the court's October 24, 2022

order denying M&R's motion for partial summary judgment (doc. no. 82).  In this

order, the court recounts only those facts relevant to this discovery dispute.

In January 2021, M&R served Fujifilm with its first set of interrogatories,

which included 19 separate inquiries.  The interrogatories also included a

"definitions" section which provided detailed definitions for 34 terms appearing in

the interrogatories.  Interrogatory No. 2 requested the following information:

> For each System identified in response to Interrogatory No.
> 1, Identify and Describe in Detail every Defect (see specific
> definition of "Identify" for Defects) that you claim is a
> breach of the Distributor Agreement, the SLA, the Novus
> Warranty, or violates any representations made by Novus
> Imaging or any of the Defendants, and how such Defects
> constitute a breach or violation.

Doc. no. 84-4.  Interrogatory No. 2 contained ten defined terms, some of which called

for Fujifilm to provide additional information not explicitly requested in the

interrogatory.  The following definitions are most relevant here:

- "Defect" is defined as any fault, error, or failure of [sic] a
  System or any part or component of a System.

- "Identify" with respect to a Defect means to state, to the
  extent known:

  - whether it is a Defect Claim raised by an End User,
    in which case you should Describe in Detail the
    prompt written notice provided to Novus Imaging
    or any of the Defendants of those Defect Claims, as
    well as the outcome of the investigation called for
    under Section 5(b) regarding warranty
    responsibility;

> o   whether it is a Warranty Claim (defined herein), in which case you should Describe in Detail any notice provided to Novus Imaging or any of the Defendants, including but not limited to RMAs (defined herein);
>
> o   whether it is an Epidemic Failure (or Epidemic Defect) (both defined herein), in which case you should Describe in Detail any notice provided to Novus Imaging or any of the Defendants, including but not limited to RMAs (defined herein).

- "Describe in Detail" means to describe fully, including, but not limited to, stating specifically and completely any and all facts, events, dates, places, and times, and identify all persons, documents, including electronically stored information relating to the subject matter of the inquiry.

Doc. no. 84-4. "Systems" is also defined by reference to its definition in the original contract between the parties. From the court's understanding, M&R intended "System" to refer to the nine printers Fujifilm purchased that were actually installed, meaning that M&R expected Fujifilm to provide nine separate answers to Interrogatory No. 2.[1] Further, as is apparent from the above definition of "Identify," some defined terms in Interrogatory No. 2 also contained additional defined terms.[2]

---

[1] Fujifilm purchased 14 printers between 2015 and 2016, but only nine were installed.

[2] The other defined terms do not explicitly request additional information in the same manner as the definition of "Identify," but they are nonetheless painstakingly specific. For example, one definition stated that "[t]he words 'and' and 'or' shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory." See Becker v. TIG Ins. Co., No. 3:21-CV-05185-JHC, 2022 WL 13925733, at *2 (W.D. Wash. Oct. 24, 2022) (finding that plaintiffs' "expansive definition" of a word within an interrogatory made the interrogatory overly broad); Diversified Prod. Corp. v. Sports Ctr. Co., 42 F.R.D. 3, 4 (D. Md.

In July 2021, Fujifilm provided its first response to the interrogatories.  Its response included general objections to all of the interrogatories and specific objections to individual interrogatories.  With respect to Interrogatory No. 2, Fujifilm objected specifically "to the extent that it imposes requirements on [Fujifilm] greater than permitted under the Federal Rules of Civil Procedure."  Fujifilm noted that its responses did not constitute waiver of its objections.

M&R found several of Fujifilm's answers to be insufficient, including the answer to Interrogatory No. 2.  After conferring, Fujifilm agreed to supplement its answer.  On December 21, Fujifilm provided its first set of Supplemental Answers ("First Supplement").  M&R was still not satisfied.  The parties again conferred, and Fujifilm agreed to supplement its answer further.  Fujifilm completed its second set of Supplemental Answers on November 10, 2022.  M&R remained unsatisfied, and on November 16, filed this motion to compel.

Taken together, Fujifilm's three rounds of answers to Interrogatory No. 2 provided M&R with the following information, broken down by each of the nine printers at issue: (1) the location of each printer; (2) a list of the types of defects experienced on each printer; (3) a detailed description of each type of defect, including the extent to which Novus Imaging or M&R addressed the defect and whether the defect occurred on all of the printers; (4) citations to documents where Fujifilm provided general and printer-specific notice of each printer's defects to

---

April 14, 1967) ("[T]he use of unreasonable 'definitions' may render the interrogatories so burdensome to the answering party and to the Court, that objections to the entire series should be sustained . . .").

Novus Imaging or M&R; (5) the allegation that all of the defects listed "could be considered a breach of the Printers/Systems' warranties and also could be considered to constitute an epidemic defect or epidemic failure in that problems occurred in more than 10% of the Printers/Systems purchased from Novus [Imaging] in a 12-month period."

## DISCUSSION

As far as the court can tell, M&R's dissatisfaction with Fujifilm's responses boils down to two issues.  First, M&R complains that Fujifilm "only describe[s] the types of defects Fujifilm believes occurred," rather than "describ[ing] any particular defect occurring with any particular Printer at any point in time, or any specific notice given to Novus [Imaging] or M&R about any of those defects."  Doc. no. 84 at 3.  Second, and relatedly, M&R takes issue with Fujifilm's reliance on business records to respond to M&R's request for the specific notice of the defects.  Fujifilm responds that its answers are sufficient, and to the extent that M&R believes they are not, that is an issue of burden of proof which M&R can raise at trial.

Federal Rule of Civil Procedure 33 governs interrogatories.  Under Rule 33, parties may serve no more than 25 written interrogatories, including all discrete subparts.  The interrogatories may inquire into any topic allowed under Rule 26(b), which governs discovery scope and limits.  Rule 26(b)(1) states in relevant part:

> Unless otherwise limited by court order. . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in
resolving the issues, and whether the burden or expense of
the proposed discovery outweighs its likely benefit.

Further, Rule 26(b)(2)(C) requires the court, "on motion or on its own," to limit the

extent of discovery if it determines that "the discovery sought is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more

convenient, less burdensome, or less expensive."

Under Rule 33(b)(3), "[e]ach interrogatory must, to the extent it is not

objected to, be answered separately and fully in writing under oath."  If a party fails

to timely object to an interrogatory, the objection is waived, "unless the court, for

good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4); see Bonner v. Triple S

Mgmt. Corp., -- F.4th --, 2023 WL 3557928, at *3 (1st Cir. 2023) ("Whether the

objections are waived . . . remains in the court's discretion.").  Further, the

responding party has a continued duty to supplement its interrogatory responses if

it learns that a response is incomplete or incorrect.  Fed. R. Civ. P. 26(e).  And,

under Rule 37(c), "[i]f a party fails to provide information . . . as required by Rule

26(a) or (e), the party is not allowed to use that information . . . to supply evidence

on a motion, at a hearing, or at a trial, unless the failure was substantially justified

or is harmless."

If the party seeking discovery believes that the opposing party has failed to

answer an interrogatory, that party may move for a court order compelling

production under Rule 37(a)(3)(B)(iii).  Under Rule 37(a)(4), "an evasive or

incomplete disclosure, answer, or response must be treated as a failure to disclose,

answer, or respond."  The burden is on the party moving to compel discovery to

show that the opposing party's answer is incomplete or evasive.  Faulkner v. Mary Hitchcock Med. Ctr., No. 12-CV-482-SM, 2015 WL 1428231, at *1 (D.N.H. Mar. 27, 2015).

Here, M&R has failed to show that Fujifilm's answer to Interrogatory No. 2 is incomplete or evasive.  Fujifilm has provided extensive answers and supplements to the interrogatory, especially in light of the Rule 26(b)(1)'s requirement that discovery be proportional to the needs of the case.  See also Fed. R. Civ. P. 26(b)(2)(C) (requiring court to limit discovery it determines to be unreasonably cumulative or duplicative); Emigrant Residential LLC v. Pinti, 37 F.4th 717, 727 (1st Cir. 2022)) ("[W]arranted discovery does not open the floodgates for cascading discovery of every type and kind.").  Furthermore, Fujifilm remains subject to the obligation to supplement under Rule 26(e) and the restriction on the use of undisclosed information under Rule 37(c).  Finally, to the extent that M&R believes that Fujifilm's disclosures are insufficient, M&R will have the opportunity to argue at trial that Fujifilm lacks the evidence necessary to support its claims.

## CONCLUSION

The motion to compel (doc. no. 84) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 30, 2023
cc:    Counsel of Record